Virginia **HECTOR**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICES**, Respondent.

No. 85–3113.

United States Court of Appeals, Third Circuit.

Submitted Rule 12(6) Nov. 17, 1986.

Decided Jan. 28, 1987.

David Iverson, Charlotte Amalie, St. Thomas, U.S. V.I., for petitioner.

Alexander Ewing, Jr., Asst. U.S. Atty., Philadelphia, Pa., Richard K. Willard, Acting Asst. Atty. Gen., Civ. Div., James A. Hunolt, Asst. Director, Eileen A. Carty, U.S. Dept. of Justice, Civ. Div., Office of Immigration Litigation, Washington, D.C., for respondent.

Before BECKER, Circuit Judge, HUNTER and GARTH, Senior Circuit Judges.

## OPINION OF THE COURT SUR REMAND FROM THE UNITED STATES SUPREME COURT

PER CURIAM.

Virginia Hector, a native and citizen of Dominica, West Indies, entered the United States in April 1975 as a nonimmigrant visitor for pleasure. She has remained in this country illegally since April 30, 1975, when her authorization expired. In 1983, two of Hector's nieces, United States citizens aged 10 and 11, came to live with her to attend school in what their parents perceived to be a superior educational system. The Immigration and Naturalization Service instituted deportation proceedings against Hector in July 1983. She conceded deportability, but applied for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Naturalization Act (Act), 8 U.S.C. § 1254(a)(1)[1] on the ground that her nieces would suffer extreme hardship as a result of her deportation.

An Immigration Judge and the Board of Immigration Appeals (Board) found that Hector satisfied the first two elements of the statute—continuous physical residence and good moral character—but that she could not demonstrate extreme hardship to herself, or to her "spouse, parent, or child." With respect to her nieces, the Board determined that, as a factual matter, Hector's separation from them would not constitute extreme hardship to herself; as a legal matter, the Board concluded that a niece is not a "child" within the meaning of § 244(a)(1). The Immigration Judge found that the relationship between Hector and her niece was "not so emotionally intense nor of such longstanding duration [one year] as to supplant the childrens' relation with their parents [who are alive and living in Dominica]." The judge refused to hear testimony which would have shown that, despite the short time that Hector and her nieces had lived together, a relationship of mother and child may have existed.

On petition for review, in a not-for-publication memorandum opinion, a divided pan-

---

1. That section authorizes the Attorney General, in his discretion, to suspend deportation of an illegal alien, and to adjust the alien's status to that of an alien lawfully admitted for permanent residence, if the deportable alien

"has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of ... application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1).

el of this court (Garth, J., dissenting) granted Hector's petition for review, holding that the Board had erred in not giving sufficient consideration to whether Hector's relationship with her nieces was the functional equivalent of a parent-child relationship. We relied in this respect on *Tovar v. INS*, 612 F.2d 794 (3d Cir.1980), where a panel of this court held that in a situation where a child was raised from infancy by his grandmother and considered his grandmother his mother, the grandparent-grandchild relationship "so closely resembled that of parent to child," that § 244(a)(1) could properly be applied to suspend deportation. 612 F.2d at 797. In accordance with that holding we remanded the case, instructing the Board to ascertain whether a parental-type relationship existed between Hector and her nieces and, if so, to determine whether the nieces would experience extreme hardship as a result of Hector's deportation.

The Supreme Court, noting that the Courts of Appeals had reached varying conclusions on whether hardship to an alien's relative or loved one who does not qualify under the statute's technical definitions as a spouse, parent, or child, must be independently considered in assessing extreme hardship under § 244(a)(1), granted certiorari and reversed. —— U.S. ——, 107 S.Ct. 379, 93 L.Ed.2d 326 (1986). The Court found the language of the statute was plain, and held that the Board is not required under § 244(a)(1) to consider the hardship to a third party other than a spouse, parent, or child, as defined by the Act:

> Congress has specifically identified the relatives whose hardship is to be considered, and then set forth unusually detailed and unyielding provisions defining each class of included relatives. The statutory definition of the term "child" is particularly exhaustive. Hector has never claimed, and the Court of Appeals did not hold, that the two nieces qualify under that statutory definition.... Thus,

even if Hector's relationship with her nieces closely resembles a parent-child relationship, we are constrained to hold that Congress, through the plain language of the statute, precluded this functional approach to defining the term "child." *Cf. INS. v. Phinpathya*, 464 U.S. 183, 194, [104 S.Ct. 584, 591, 78 L.Ed.2d 401] (1984) (refusing to ignore "the clear congressional mandate and the plain meaning of the statute" where it was clear the "Congress considered the harsh consequences of its actions"). Congress has shown its willingness to redefine the term "child" on a number of occasions, but it has not included nieces in that definition or authorized us to adopt a functional definition. (Footnotes omitted).

107 S.Ct. at 381–3.

In view of the Supreme Court's instruction we must now read § 244(a)(1) precisely as it is written, and therefore must limit its reach only to those relationships identified. We are further obliged to state that to the extent that *Tovar v. INS*, 612 F.2d 794 (3d Cir.1980) is inconsistent with the Supreme Court's *per curiam* decision, it necessarily is overruled.

For the foregoing reasons, our prior opinion and judgment will be vacated and the petition for review will be denied.[2]

**2.** We observe however that the Supreme Court has left open the possibility that, in the event Hector qualifies, she may be entitled to relief

under the amnesty provisions of the newly-enacted Immigration and Control Act of 1986. Our instant opinion would not affect such relief.